LAW OFFICES OF
ROBERT L. KRASELNIK, PLLC
Robert L. Kraselnik (RK 0684)
40 Wall Street, 28th Floor
New York, NY 10005
Tel.: 212-400-7160
Fax: 212-400-7162
*Attorneys for Plaintiffs*



**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

WILLIAM PADILLA and JAIME PACURUCU,
on behalf of themselves and other similarly situated
employees,

        Plaintiffs,

v.

CLEVER ENTERPRISES, INC. and CLEVER
MARTINEZ

        Defendants.

---

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

08 CV 0072

JUDGE SCHEINDLIN

Plaintiffs, WILLIAM PADILLA and JAIME PACURUCU (collectively, "Plaintiffs"), by and through their undersigned attorney, hereby files this Complaint against Defendants, CLEVER ENTERPRISES, INC. and CLEVER MARTINEZ (collectively, "Defendants"), and state as follows:

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they are entitled to recover from Defendants: (1) unpaid minimum wages (2) unpaid overtime, (3) liquidated damages, and (4) attorneys' fees and costs.

1

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3) unpaid "spread of hours" payments for each day they worked ten or more hours, (4) liquidated damages equal to twenty-five percent of the sum of their unpaid minimum wages, unpaid "spread of hours" payments and unpaid overtime, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, WILLIAM PADILLA, is a resident of Queens County, New York.

6. Plaintiff, JOSE PACURUCU, is a resident of Union County, New Jersey.

7. Defendant, CLEVER ENTERPRISES, INC, is a corporation organized under the laws of New York, with a principal place of business located at 26 West 47th Street, New York, New York 10036.

8. Upon information and belief, Defendant, CLEVER MARTINEZ, is the Chief Executive Officer of CLEVER ENTERPRISES, INC.

9. Upon and information and belief, Defendant, CLEVER MARTINEZ, is the Chairman of the Board of CLEVER ENTERPRISES, INC.

10. Plaintiff, WILLIAM PADILLA, was employed by Defendants from on or about June 1996 until on or about December 2007.

11. Plaintiff, JAIME PACURUCU, was employed by Defendants from on or about June 1998 until on or about December 2007.

12. At all relevant times, CLEVER ENTERPRISES, INC. was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

13. At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Defendants.

14. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime wages in direct contravention of the FLSA and the New York Labor Law.

15. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned minimum wages in direct contravention of the FLSA and the New York Labor Law.

16. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

17. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATMENT OF FACTS

18. In or about June 1996, Plaintiff, WILLAIM PADILLA, was hired by Defendants to set diamonds and other precious stones in furtherance of Defendants' jewelry business.

19. In or about June 1998, Plaintiff, JOSE PACURUCU, was hired by Defendants to set diamonds and other precious stones in furtherance of Defendants' jewelry business.

20. During Plaintiffs' employment by Defendants, they generally worked well over forty (40) hours per week.

21. During Plaintiffs' employment by Defendants, they often worked over ten (10) hours per day.

22. Plaintiffs were paid per piece, and they sometimes received $0 in a workweek.

23. Defendants took deductions attributed to "quality control" from Plaintiffs' checks over the course of Plaintiffs' employment with Defendants totaling over $30,000 each for PADILLA and PACURUCU.

24. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiffs.

25. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiffs.

26. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs.

27. Plaintiffs retained the Law Offices of Robert L. Kraselnik, PLLC to represent them and other similarly situated employees in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

28. Plaintiffs reallege and reaver Paragraphs 1 through 27 of this Complaint as if fully set forth herein.

4

29. At all relevant times, upon information and belief, CLEVER ENTERPRISES, INC. was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

30. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

31. Upon information and belief, at all relevant times, CLEVER ENTERPRISES, INC. has had gross revenues in excess of $500,000.

32. Plaintiffs were entitled to be paid at the rate of time and one-half for their hours worked in excess of the maximum hours provided for in the FLSA.

33. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for their hours worked in excess of forty hours per workweek.

34. Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

35. Plaintiffs worked hours for which they were not paid the statutory minimum wage.

36. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs for their hours worked.

37. Defendants failed to pay Plaintiffs minimum wages in the lawful amount for their hours worked.

38. Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs are in the possession and custody of the Defendants. Plaintiffs

intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

39. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory rate of time and one-half for hours worked in excess of forty (40) hours per week when they knew or should have known such was due.

40. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs minimum wages for hours worked when they knew or should have known such was due.

41. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

42. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

43. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages and unpaid overtime wages, plus an equal amount as liquidated damages.

44. Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

45. Plaintiffs reallege and reaver Paragraphs 1 through 44 of this Complaint as if fully set forth herein.

46. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§2 and 651.

47. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

48. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs minimum wages in the lawful amount for hours worked.

49. Defendants willfully violated Plaintiffs' rights by failing to pay "spread of hours" premium to Plaintiffs for each day they worked ten (10) or more hours.

50. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime, unpaid minimum wages, unpaid "spread of hours" premium, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §663(1).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all similarly situated employees, respectfully request that this Court grant the following relief:

    a.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

    b.    An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid minimum wages and improperly deducted wages due under the FLSA and the New York Labor Law;

d. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

e. An award of unpaid "spread of hours" premium due under the New York Labor Law;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wages, overtime compensation and "spread of hours" premium pursuant to the New York Labor Law;

h. An award of prejudgment and postjudgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: January 2, 2008

                Respectfully submitted,

                LAW OFFICES OF
                ROBERT L. KRASELNIK, PLLC
                *Attorneys for Plaintiffs*
                40 Wall Street, 28th Floor
                New York, NY 10005
                Tel.: (212) 400-7160
                Fax: (212) 400-7162

By: _____
      ROBERT L. KRASELNIK (RK 0684)