Michael A. Faillace [MF-8436]
John A. Karol [JK-9899]
Michael Faillace & Associates, P.C.
110 East 59th Street, 32nd Floor
New York, New York 10022
(212)317-1200
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

| | |
|---|---|
| WILLIAM PADILLA et al., | **1:08-cv-0072 (SAS)(HBP)** |
| *Plaintiffs*, | **AMENDED ANSWER** |
| -against- | **ECF Case** |
| CLEVER ENTERPRISES, INC. et al., | |
| *Defendants.* | |

-----------------------------------------------------------------X

Defendants Clever Enterprises, Inc. ("Clever Enterprises") and Clever Martinez ("Mr. Martinez") (collectively "Defendants"), by and through their counsel, Michael Faillace & Associates, P.C., for their Amended Answer, Affirmative Defenses and Other Defenses to the Complaint of William Padilla ("Padilla") and Jaime Pacurucu ("Pacurucu") (collectively "Plaintiffs"), and purportedly for a class of persons similarly situated, allege and state as follows:

## Introduction

1. Defendants deny the allegations in paragraph 1 of the Complaint, except to admit that Plaintiffs so allege in their Complaint.

2.      Defendants deny the allegation sin paragraph 2 of the Complaint, except to admit that Plaintiffs so allege in their Complaint.

**Jurisdiction and Venue**

3.      Paragraph 3 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 3 of the Complaint, except admit that Plaintiffs purport to assert claims over which this Court may have subject matter jurisdiction.

4.      Paragraph 4 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 4 of the Complaint, except admit that Defendants conducted business from offices located in this district and that venue is proper.

**Parties**

5.      Defendants deny knowledge or information sufficient to form a belief as to Paragraph 5 of the Complaint, and deny knowledge or information sufficient to form a belief the location of Plaintiff William Padilla's residence.

6.      Defendants deny knowledge or information sufficient to form a belief as to Paragraph 6 of the Complaint, and deny knowledge or information sufficient to form a belief the location of Plaintiff Jose Pacurucu's residence.

7.      Defendants deny the allegations in paragraph 7 of the Complaint, except admit

that defendant Clever Enterprises, Inc. is a corporation organized and existing under the laws of the State of New York and maintains its principal place of business at 26 West 47th Street, New York, NY 10036.

8. Defendants deny the allegations in paragraph 8 of the Complaint, except aver that Defendant Clever Martinez is the President and sole shareholder of Clever Enterprises, Inc.

9. Defendants deny the allegations in paragraph 9 of the Complaint, except aver that Defendant Clever Martinez is the President and sole shareholder of Clever Enterprises, Inc.

10. Defendants deny the allegations in paragraph 10 of the Complaint.

11. Defendants deny the allegations in paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 12 of the Complaint.

13. Defendants deny the allegations in paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 16 of the Complaint.

17.     Defendants deny knowledge or information sufficient to form a belief as to Paragraph 17 of the Complaint, except deny that Defendants have waived any prospective rights with respect to Plaintiffs' compliance with conditions precedent to the institution of this action.

### Statement of Facts

18.     Defendants deny the allegations in paragraph 18 of the Complaint, and aver that at no time was Plaintiff William Padilla an employee of Defendants.

19.     Defendants deny the allegations in paragraph 19 of the Complaint, and aver that at no time was Plaintiff Jose Pacurucu an employee of Defendants.

20.     Defendants deny the allegations in paragraph 20 of the Complaint, and aver that at no time were Plaintiffs employees of Defendants.

21.     Defendants deny the allegations in paragraph 21 of the Complaint, and aver that at no time were Plaintiffs employees of Defendants.

22.     Defendants deny the allegations in paragraph 22 of the Complaint, and aver that at no time were Plaintiffs employees of Defendants.

23.     Defendants deny the allegations in paragraph 23 of the Complaint, and aver that at no time were Plaintiffs employees of Defendants.  Defendants further aver that during the course of being independent contractors with Defendants, Plaintiffs entered into contractual engagements with Defendants, under which quality control deductions were made pursuant to industry standard and the agreement between the parties, the total of which during the limitations period of this action was approximately $3,000.00 for both Plaintiffs combined.

24.     Defendants deny the allegations in paragraph 24 of the Complaint.

25.     Defendants deny the allegations in paragraph 25 of the Complaint.

26. Defendants deny the allegations in paragraph 26 of the Complaint.

27. Defendants deny knowledge or information sufficient to form a belief as to Paragraph 27 of the Complaint, except admit that the Law Offices of Robert L. Kraselnik, PLLC have appeared in the instant action on behalf of Plaintiffs.

## STATEMENT OF CLAIM

### COUNT I
### Violation of the Fair Labor Standards Act

28. Defendants reassert and incorporate their responses to paragraphs 1 through 27 of the Complaint as if fully set forth herein.

29-44. Paragraphs 29-44 of the Complaint assert legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraphs 29-44 of the Complaint.

### COUNT II
### Violation of the New York Labor Law

45. Defendants reassert and incorporate their responses to paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46-50. Paragraphs 46-50 of the Complaint assert legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraphs 29-44 of the Complaint.

**PRAYER FOR RELIEF**

51.     Answering the "Prayer for Relief," Defendants deny that Plaintiffs are entitled to the relief for which they pray on behalf of themselves or any other individual or to any other relief.

52.     Unless and to the extent expressly admitted herein, Defendants deny any and all allegations in the Complaint.

**AFFIRMATIVE AND OTHER DEFENSES**

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have. Defendants further aver that Plaintiffs' claims are so vague as to render it impossible to identify every possible affirmative or other defense, and thus, expressly reserve their right to assert additional defenses should the precise nature of Plaintiffs' claims become clear.

**FIRST DEFENSE**

Plaintiffs fail to state a claim, in whole or in part, upon which relief may be granted, either on their own behalf or on behalf of those persons whom they purport to represent, or to whom they purportedly are similarly situated.

**SECOND DEFENSE**

This case may not be maintained as a collective action because Plaintiffs are not similarly situated to or otherwise an adequate representative for the persons whom they purport to represent and, thus, cannot establish the existence of each of the requirements under 29 U.S.C. §

216.

### THIRD DEFENSE

Defendants specifically maintain that Plaintiffs' pleadings fail to meet the requirements necessary to justify a collective action or issuance of notice pursuant to 29 U.S.C.§ 216.

### FOURTH DEFENSE

Some or all of Plaintiffs' and/or the putative class members' claims are barred in whole or in part by the applicable statute(s) of limitations.

### FIFTH DEFENSE

Defendants at all times, in all manners, acted in accordance with any and all duties and obligations under the FLSA and its regulations, and/or applicable state law and regulations, if any (including but not limited to the New York Labor Law).

### SIXTH DEFENSE

To the degree it may be asserted in Plaintiffs' Complaint, Plaintiffs do not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, and thus this action cannot be maintained as a class action.

### SEVENTH DEFENSE

Plaintiffs and/or the putative class members lack standing or are otherwise not entitled to bring, maintain or participate in a class action under the FLSA or, to the degree asserted, under Rule 23 of the Federal Rules of Civil Procedure.

**EIGHTH DEFENSE**

Plaintiffs and/or the putative class members are not entitled to some or all of the relief sought under the doctrine of consent.

**NINTH DEFENSE**

Subject to proof through discovery, some or all of the putative class members may be exempt from overtime pay as they are not employees, but in fact, independent contractors, and therefore not covered as employees under the New York Labor Law, or the Fair Labor Standards Act..

**TENTH DEFENSE**

Defendants state, in the alternative if necessary, that part or all of any time Plaintiffs allege should be paid to them and/or to allegedly similarly situated employees is properly preliminary or postliminary time under the Portal-to-Portal Pay Act, 29 U.S.C. § 254(a), and therefore not compensable.

**ELEVENTH DEFENSE**

Defendants state, in the alternative if necessary, that if, in fact, they have failed to pay any nonexempt employee for work in excess of 40 hours in a workweek, the uncompensated time is *de minimis*.

**TWELFTH DEFENSE**

Defendants state, in the alternative if necessary, that even if they in fact failed to pay

unidentified individuals for any of the activities alleged in Plaintiffs' Complaint, such activities do not constitute compensable work under the FLSA, and/or applicable state law and, furthermore, such alleged activities were not an integral and indispensable part of Plaintiffs' principal activities of employment and are not compensable.

## THIRTEENTH DEFENSE

Defendants state, in the alternative if necessary, that their actions with respect to Plaintiffs and any similarly situated worker, and/or putative class members were taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or policy pursuant to 29 U.S.C. § 259, and/or applicable state law.

## FOURTEENTH DEFENSE

Defendants state, in the alternative if necessary, that their actions with respect to Plaintiffs and any other similarly situated worker, and/or putative class members, were taken in good faith with reasonable grounds to believe such conduct comported with the FLSA or interpretations of the FLSA pursuant to 29 U.S.C. § 260, and/or applicable state law.

## FIFTEENTH DEFENSE

If Plaintiffs have sustained any damages or if any putative members of any purported class defined in the Complaint have sustained any damages, although such is not admitted hereby or herein and is specifically denied, Defendants are entitled under the equitable doctrine of setoff

and recoupment to offset all obligations of the Plaintiffs or putative class members owed to Defendants against any judgment that may be entered against Defendants.

### SIXTEENTH DEFENSE

The claims of Plaintiffs and each putative class member are barred to the extent that there is/are currently or were other action(s) raising on the same claims.

### SEVENTEENTH DEFENSE

Plaintiffs and/or the putative class members have received full payment for all work performed thereby barring Plaintiffs' and/or the purported class members' claims.

### EIGHTEENTH DEFENSE

Some or all of the putative class members claims are barred by the doctrine of accord and satisfaction.

### NINTEENTH DEFENSE

To the extent permitted by law, Defendants seek recovery of reasonable and necessary attorneys' fees.

### TWENTIETH DEFENSE

Subject to proof by discovery, some or all of Plaintiffs' and/ or the putative class members' claims are barred because they executed a valid and enforceable general release of Defendants.

**TWENTY-FIRST DEFENSE**

To the extent applicable, this Court lacks jurisdiction over some or all of Plaintiffs' or the putative class members' state claims.

**TWENTY-SECOND DEFENSE**

Some or all of Plaintiffs' and the putative class members' claims are preempted, in whole or in part.

**TWENTY-THIRD DEFENSE**

Plaintiffs' FLSA 216(b) or FRCP Rule 23 allegations (if applicable) should be stricken and they cannot pursue their state law claims as a class action because they are so vague and imprecise that no ascertainable class is present.

**TWENTY-FOURTH DEFENSE**

Some or all of Plaintiffs' claims for relief under New York law fail because New York law does not provide for mandatory overtime.

**TWENTY-FIFTH DEFENSE**

Some or all of Plaintiffs' claims for class action relief under New York law fail because New York law prohibits class causes of action for relief that include invocation of penalties or liquidated damages against a defendant.

## TWENTY-SIXTH DEFENSE

Some or all of Plaintiffs' claims fail because Defendants did not employ Plaintiffs or any other putative plaintiff or other individual, and was not such person's employer, during all or part of the time period relevant to this lawsuit.

## TWENTY-SEVENTH DEFENSE

Where not already included herein, Defendants assert all affirmative and other defenses available to them under each of the federal and state laws and precedents cited in the Complaint.

**WHEREFORE**, Defendants demands judgment against Plaintiffs in their favor:

(a) denying that Plaintiffs are entitled to the relief for which they pray on behalf of themselves or any other individual or to any other relief.

(b) dismissing the Complaint against Defendants on the merits with prejudice and in its entirety;

(c) awarding Defendants their costs and disbursements, including reasonable attorneys' fees incurred in this action; and

(d) granting Defendants such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       March 4, 2008

                                        Respectfully submitted,

                                        MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____/s/_____
Michael A. Faillace (MF-8436)
John A. Karol (JK-9899)
110 E. 59th Street, 32nd Floor
New York, NY 10011
*Attorneys for Defendants*

13